**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal No. 24-183** |
| | ) | |
| RONALD SPIAGGI | ) | |

**Memorandum Opinion and Order**

Defendant Ronald Spiaggi has filed a Motion for Early Termination of Supervised

Release, pursuant to 18 U.S.C. § 3583(e)(1). ECF No. 5. The government has filed a response

opposing the motion, to which Mr. Spiaggi has filed a Reply. ECF Nos. 9, 10. On October 18,

2008, in Tampa, Florida, Mr. Spiaggi pleaded guilty to one count of aiding and abetting in the

possession with intent to distribute and distribution of methamphetamine, the use of which

resulted in the death of another person. He was adjudicated guilty of that count in the Middle

District of Pennsylvania, by United States District Judge Richard A. Lazzara. On October 29,

2008, Judge Lazzara imposed a sentence of 240 months' imprisonment, to be followed by

three years of supervised release. Mr. Spiaggi began his three-year term of supervised release

on June 24, 2024.

## I.      Applicable Law

Early termination of a term of supervised release is authorized under 18 U.S.C. §

3583(e). A court may "terminate a term of supervised release and discharge the defendant

after the expiration of one year of supervised release," if the court "is satisfied that such action

is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §

3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make

clear that a district court enjoys discretion to consider a wide range of circumstances when

determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[1]. "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52–53 (3d Cir. 2020) (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. § 3583(e)(1), state that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination should be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
> (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii) the defendant's substantial compliance with all conditions of supervision;

(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Finally, although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Melvin*, 978 F.3d at 53. Despite this "general rule," the Court has the discretion to terminate supervision early even in the absence of new circumstances. *Id.*

**II.    Discussion**

Mr. Spiaggi argues that early termination of his supervised release is warranted because he has complied with the conditions of his supervised release, he has maintained consistent employment, and has developed and maintained relationships with his family (and his family's friends). Mr. Spiaggi supports his motion for early termination of supervised release by citing a study published by the Administrative Office of the United States Courts, a

3

study published by the United States Sentencing Commission, several law review articles addressing supervised release, and judicial opinions. Among other things, the studies and articles tend to show that that early termination of supervised release does not create a greater risk to the public than a person serving a full term.

He further points to the United States Probation Office's "Report of Status of Person Under Supervision with Respect to Early Termination, Pursuant to Guide to Judiciary Policy, Vol. 8E, Ch. 3," that confirms that Mr. Spiaggi meets the criteria for early termination. ECF No. 7. The Report states that, "[s]ince the commencement of supervision [Mr. Spiaggi] has remained in compliance with all his mandatory, standard and special conditions imposed by the court." *Id.* at 2. With regard to the protection of the public and deterrent effect of supervision, Mr. Spiaggi contends that his 20-year prison sentence has sufficiently deterred him from attempting to commit another crime. In addition, he argues that his record on supervision combined with his lack of a criminal record prior to the instant offense weights in favor of concluding that he will not pose a danger to the community. The Probation Office's Report specifically states that he "presents no identified risk of harm to the public or victims." *Id.*

As noted, the Probation Office filed a Report indicating that Mr. Spiaggi meets the criteria to be considered for early termination of supervision. In addition, the Probation Officer filed a confidential Recommendation with Respect to Early Termination, recommending that early termination be granted. ECF No. 8 (under seal). The government opposes early termination of supervision, primarily arguing that early termination is not warranted due to the dangerous nature of his offense of conviction, the amount of time left to

4

serve on his three-year term of supervision, and the fact that he has not demonstrated any new or unforeseen circumstances.

The Court's standard for evaluating whether early termination is warranted is broad: the court is to determine whether it is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Mr. Spiaggi has been totally compliant with the terms of his supervision; however, the fact of compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. In this case, however, Mr. Spiaggi's performance on supervision has been excellent. Mr. Spiaggi's offense of conviction is extremely serious. Other than this offense, Mr. Spiaggi had no other criminal record. Mr. Spiaggi was not youthful when arrested for the present offense. He was approximately 32 years old, which would have given him ample time to engage in criminal activity, had he chosen to do so. Once released from prison, all indications are that Mr. Spiaggi has no intention of engaging in criminal conduct.

Following review of Mr. Spiaggi's Motion and Brief, the government's response, the Probation Officer's position, all relevant filings from Mr. Spiaggi's criminal case, and Mr. Spiaggi's conduct while on supervision, the Court concludes that early termination of Mr. Spiaggi's supervised release is warranted. Mr. Spiaggi has been gainfully employed throughout his term of supervision, he has performed well under supervision throughout his term, and he has complied with all conditions of supervision. All evidence tends to show that he has been rehabilitated and continues on a path of rehabilitation. The Court is confident that early termination will not jeopardize the safety of the community.

### IV.    Conclusion

After considering an individualized assessment, and after reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), the relevant factors set forth in 18 U.S.C. § 3553(a), and the factors set forth in § 5D1.4, comment. n.1(B), the Court finds that it is in the interest of justice to terminate Mr. Spiaggi's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, this 9th day of July 2026, it is hereby ORDERED, that Ronald Spiaggi's Motion for Early Termination of Supervised Release, ECF No. 1205, is GRANTED.

IT IS FURTHER ORDERED, that Ronald Spiaggi's term of supervised release is terminated.

_s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge